## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

George Banks,

                        Plaintiff,

       -vs-

Warden Eric Ivey, *et al*.,

                        Defendants.

Case No. 1:19cv1723

JUDGE PAMELA A. BARKER

MEMORANDUM OPINION AND ORDER

## Background

*Pro se* plaintiff George Banks, an Ohio prisoner incarcerated in the Belmont Correctional Institution, has filed a civil rights complaint in this matter against Cuyahoga County Jail Warden Eric Ivey, and Cuyahoga County officials Armond Budish and Ken Mills. (Doc. No. 7.) He seeks damages on the basis of general conditions he alleges existed in the Jail in 2017 when he was incarcerated there, which he contends were inhumane and subjected him to cruel and unusual punishment. In his complaint, he alleges he had to sleep on a dirty mat on the floor next to the toilet where spiders were crawling and was not provided cleaning supplies; his meal trays smelled like human waste; and he was subjected to "red zone" lock downs and denied access to the phone, recreation, and medical. (*Id*. at 4-5.)

## Standard of Review

Although federal courts are obligated to construe *pro se* complaints liberally, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), such principles are not without limits. *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Plaintiffs proceeding *pro se* must still meet basic

pleading requirements, and courts are not required to "conjure allegations on [their] behalf." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

The Prison Litigation Reform Act requires a district court to review any complaint in which a prisoner seeks redress from governmental entities, officers, and employees, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915A. To survive a dismissal for failure to state a claim under § 1915A, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915A).

## Discussion

Upon review, the Court finds that the plaintiff's complaint must be dismissed under § 1915A.

Prison conditions are subject to constitutional scrutiny under the Eighth Amendment, but in order to make out a claim, a plaintiff must show that a prison official acted with deliberate indifference to his health or safety. This requires a plaintiff to show a culpable state of mind on the part of a prison official. *See Wilson v. Seiter*, U.S. 294, 294 (1991). A prisoner must show that a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The plaintiff does not set forth allegations in his complaint suggesting that, or how, any of the named defendants was personally involved in or responsible for the Jail conditions of which he

2

complains. He makes no allegations whatsoever regarding the defendants' knowledge or intent concerning the conditions, or his health or safety. Accordingly, the plaintiff has failed to allege a plausible conditions-of-confinement claim against any defendant under the Eighth Amendment. "[D]amage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right." *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (emphasis in original). Where, as here, individuals are named as defendants in a civil rights action without supporting allegations of specific conduct against them in the body of the complaint, the complaint is subject to dismissal even under the liberal construction afforded to *pro se* plaintiffs. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under §1983"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of complaint that did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights).

Further, 42 U.S.C. § 1983 does not permit an imposition of liability solely on the basis of *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). A local governmental entity or subdivision, such as county, may be held liable under § 1983 only where its own policy or custom causes a constitutional rights violation. *See id.* at 694. The plaintiff has not alleged any facts plausibly suggesting that an unconstitutional policy of Cuyahoga County itself caused a violation of his constitutional rights under *Monell*.

**Conclusion**

Accordingly, the plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915A. In light of this dismissal, the plaintiff's motion to proceed *in forma pauperis* (Doc. No. 1) is denied as moot. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**


S/Pamela A. Barker
PAMELA A. BARKER
Date: October 25, 2019                              U. S. DISTRICT JUDGE